# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MIGUEL KOLMAR ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18CV1122 HEA |
| ) | |
| ANDREW M. SAUL,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1385. For the reasons set forth below, the final decision of the Commissioner is affirmed.

## Background

Plaintiff originally filed his application on April 28, 2017 alleging disability due to a triple hernia that occurred in 1981 during Plaintiff's U.S. Military service.

---

[1] The Court takes judicial notice that on June 4, 2019, Andrew M. Saul was confirmed as Commissioner of Social Security. *See* https://www.congress.gov/nomination/116th-congress/94. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted for Nancy A. Berryhill as defendant in this action. No further action needs to be taken to continue this suit by reason of 42 U.S.C. § 405(g) (last sentence).

Plaintiff initially alleged the onset date of August 1, 2000, which he later amended to October 23, 1981, the date of his discharge from the Army. Plaintiff's application was denied, and he requested a hearing before an Administrative Law Judge (ALJ).

On November 7, 2017, a hearing was held. Following the hearing, the ALJ issued a decision on January 31, 2018 finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review on May 11, 2018. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Decision of the ALJ

On January 31, 2018 the ALJ issued a decision finding that Plaintiff was not disabled. The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2005. At Step One, the ALJ found that Plaintiff had not performed substantial gainful activity during the period from Plaintiff's original alleged onset date of August 1, 2000 through his date last insured of March 31, 2005. The ALJ also found that Plaintiff worked at SGA level in 1994 but Plaintiff's work activity from 1995-2000 was not at SGA level. At Step Two, the ALJ found that through the date last insured, Plaintiff had the severe impairments of umbilical and bilateral inguinal hernias. However, the ALJ found that through the date last insured, Plaintiff did not have an impairment or

combination of impairments listed in or medically equal to one contained in the Listings, 20 C.F.R. part 404, subpart P, appendix 1.

The ALJ determined that through the date last insured, Plaintiff retained the residual functional capacity to perform sedentary work, except that he was unable to use his lower extremities for pushing/puling of leg controls, although his ability to operate ordinary foot pedals, such as to drive a car or operate a milk shake mixer, was unlimited. He was further limited to occasional balancing, kneeling, crouching, stooping, and climbing of ramps and stairs. He was unable to crawl.

At Step Four, the ALJ found that Plaintiff had no past relevant work. At Step Five, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including work as an order clerk, hand bander, and document preparer. The ALJ therefore concluded that Plaintiff was not "disabled" under the Act.

### **General Legal Principles**

The Court's role on judicial review of the Commissioner's decision is to determine whether the Commissioner's findings apply the relevant legal standards to facts that are supported by substantial evidence in the record as a whole. *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id.* In determining whether the

3

evidence is substantial, the Court considers evidence that both supports and detracts from the Commissioner's decision. *Id.* As long as substantial evidence supports the decision, the Court may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because the Court would have decided the case differently. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

To be entitled to disability benefits, a claimant must prove he is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(A); *Pate-Fires*, 564 F.3d at 942. A five-step regulatory framework is used to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4); *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step process).

Steps One through Three require the claimant to prove: (1) he is not currently engaged in substantial gainful activity; (2) he suffers from a severe impairment; and (3) his condition meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to Steps Four and Five. Step Four requires the Commissioner to consider whether the claimant retains the RFC

to perform past relevant work (PRW). 20 C.F.R. § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating he is no longer able to return to his PRW. *Pate-Fires,* 564 F.3d at 942. If the Commissioner determines the claimant cannot return to his PRW, the burden shifts to the Commissioner at Step Five to show the claimant retains the RFC to perform other work that exists in significant numbers in the national economy. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v).

## Discussion

Plaintiff's general argument is that the ALJ's decision is not supported by sufficient objective medical evidence. In support, Plaintiff makes several unavailing arguments. First, Plaintiff notes that he is considered 100 percent service-related disabled by the VA. The ALJ acknowledged Plaintiff's VA disability rating and correctly noted that the VA's determination is not binding on SSA due to differing methodology used by each agency. *See Smith v. Colvin,* 756 F.3d 621, 626 (8th Cir. 2014); *see also Pelkey v. Barnhart,* 433 F.3d 575, 579 (8th Cir. 2006); 20 C.F.R. § 404.1504). Moreover, the effective date of the VA's grant of total disability based on individual unemployability to Plaintiff , which was October 5, 2008, three-and-a-half years after Plaintiff's date last insured of March 31, 2005 and therefore outside the relevant time period. To be entitled to benefits, Plaintiff must prove he was disabled before his insurance expired. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). Although "[e]vidence from outside

the insured period can be used in helping to elucidate a medical condition during the time for which benefits might be rewarded," *id.* (internal quotation omitted), the ALJ properly afforded no specific evidentiary weight to the VA's eventual award of 100% disability *after* Plaintiff's last insured date.

Plaintiff also claims that the ALJ did not consider evidence that Plaintiff was on limited medical profile from January until September 1981 due to his hernias and that "despite pain complications and [being] assessed with possible adhesions, [Plaintiff] was told to continue physical training (PT) and full physical activity" by an Army doctor on September 29, 1981 which "exacerbated [his] hernia conditions in service." In fact, the ALJ's decision mentioned each Army record in which Plaintiff was assigned to limited medical profiles and noted Plaintiff's testimony that he had been forced to work in violation of his medical profile. The ALJ also noted an in-service medical record in which a doctor noted no physical defects sufficient to warrant separation from the Army through medical channels, as well as a post-right inguinal hernia repair medical report that indicated Plaintiff had well-healed incisional scars, no bulges, and no tenderness to pressure.

In his brief, Plaintiff also cites "supporting objective evidence and doctors' diagnoses" of his purported disability. However, each of the medical records cited come from 2012 or later, well outside the insured period. As the ALJ noted in his

6

considerations, the evidence cited by Plaintiff is also reflective of mostly subjective reports and complaints, not objective medical findings.

Plaintiff also mentions the VA's "clear and unmistakable error" and "new evidence." The "new evidence" to which Plaintiff refers is the VA's 2018 determination that Plaintiff was entitled to 10 percent disability from 1981 to 2008. Apparently, the VA previously erroneously considered Plaintiff's umbilical hernia to be an out-of-service injury. The VA retroactively changed Plaintiff's disability rating upon realization that Army medical records showed that the umbilical hernia occurred in service. To warrant remand based on new evidence, a plaintiff must show "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). "To be considered material, the new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008). Furthermore, it must be reasonably likely that the Commissioner's consideration of this new evidence would have resulted in an award of benefits. *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997). Here, the medical records the VA considered are cumulative because the ALJ had access to and considered those same records, i.e. the ones that showed that Plaintiff's umbilical hernia was an in-service injury. To the extent that the administrative

decision is non-cumulative, it is not reasonably likely that consideration of a 10 percent disability rating by an agency using a non-function-based methodology would have resulted in the ALJ awarding disability benefits to Plaintiff.

In his reply brief, Plaintiff adds that he wishes to append as new evidence records showing that his military discharge records have been changed to reflect a different reason for separation. This evidence is non-medical and irrelevant.

The violations of Army policies and procedures that Plaintiff alleges throughout his filings are not relevant to the SSA's disability determination. Any errors or omissions of the Army or the VA are of no consequence as to whether Plaintiff was "disabled" for SSA purposes, nor are they relevant to this Court's review of the ALJ's decision. What is relevant here is that the ALJ properly considered and weighed all evidence in the record, and that his decision is based upon substantial evidence.

## **Conclusion**

Based upon the foregoing, the ALJ's decision is based upon substantial evidence in the record.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

A separate Judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 10th day of February, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE